UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALEXANDER WOLPERT,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | No. 2:19-cv-00590 TLN AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Civil Rule 302(c)(21). Plaintiff was previously granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 3. The undersigned rejected plaintiff's initial complaint on screening, finding that the complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a claim for relief. Id. The complaint was dismissed with leave to file a First Amended Complaint ("FAC"). Id. The FAC is now before the undersigned for screening.

I. SCREENING

A determination that a plaintiff qualifies financially for IFP status does not complete the inquiry required by statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1

1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
////

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

A. The Complaint

In the FAC, plaintiff names Starbucks Corporation as defendant and alleges as follows. Plaintiff, who has "a permanent disability," experienced verbal harassment at the Starbucks store located at 65th and Broadway (presumably in Sacramento, California) over an unspecified period. ECF No. 5 at 1-3. The accessible parking spot at the Starbucks store was blocked on several occasions by people without a disability placard. Id. at 1. Plaintiff began to "log the incidents and talk to people breaking the law." Id. At one point, plaintiff was "confronted verbally by someone" who followed him into the Starbucks. Id. at 2. During "the next incident" he called authorities and "was attacked." Id. The incident reports contained "faulty or altered information coming from Starbucks." Id. Specifically, "Starbucks employees" gave a "false account of how [plaintiff] was attacked," stating that he was confronting individuals, rather than "logging information." Id. at 3. Ultimately, plaintiff was banned from that Starbucks store due to his "efforts for redress." Id. The FAC does not assert any particular cause of action, nor does it specify what relief is being requested. It does quote Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, prohibiting discrimination in public accommodations on the basis of disability. Id. at 2.

Shortly before filing the FAC, plaintiff also filed documents entitled "evidence of slander," which include a Starbucks Incident Report Form describing a May 7, 2017 physical

3

altercation between plaintiff and customers parked in the handicap parking space; a police report containing plaintiff's description of the incident; and various related social media posts. ECF No. 4 at 6, 8, 23, 24.

B. Analysis

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). Although the FAC contains a reasonably complete statement of facts, it is missing two crucial elements. First, the FAC does not indicate what relief plaintiff is seeking.[1] Second, like the initial complaint, the FAC fails to identify what legal cause(s) of action plaintiff is bringing against Starbucks. While the FAC quotes Title III of the ADA, it fails to assert that Starbucks violated that provision—or any other law or legal right.

Assuming plaintiff seeks to proceed on a claim under Title III of the ADA, he must allege facts showing that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he was denied public accommodations by the defendant because of his disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); see 42 U.S.C. § 12182(a).

Based on the present allegations, it appears that plaintiff may also be attempting to assert a retaliation claim under Title V of the ADA. Title V generally prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under section 12203(a), plaintiff must allege that (1) he has engaged in a protected activity; (2) he was subjected to an adverse action; and (3) there was a causal link between the protected activity and the adverse action. Brown v. City of Tuscon, 336 F.3d 1181, 1186 (9th Cir. 2003). A "protected activity" is any activity through which a

---

[1] Although plaintiff's initial complaint stated that he sought damages and injunctive relief, the court cannot look to the contents of the initial complaint once an amended complaint has been filed. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint").

4

plaintiff pursues his rights under the ADA. Pardi v. Kaiser Permanente Hosp., Inc., 389 F.3d 840, 850 (9th Cir. 2004). While most claims of retaliation under the ADA arise in an employment context, "the ADA explicitly allows retaliation claims outside the employment context, 42 U.S.C. § 12203(a), where plaintiffs have alleged that they were retaliated against for complaining of discrimination prohibited by Title III of the ADA . . . ." Davison v. Hart Broadway, LLC, No. CIV. S-07-1894 LKK CMK, 2009 U.S. Dist. LEXIS 48572, at *30 n.9 (E.D. Cal. May 26, 2009) (Karlton, Senior Judge) (noting that ADA retaliation cases outside the employment context look for "adverse actions," as opposed to "adverse employment actions"). At least one court has found that being banned from a store for opposing the unauthorized blockage of handicap-accessible spaces may violate the ADA. See Cottrell v. J&D Disc. Liquor Gallery, Inc., No. 08-CV-5418 NLH KMW, 2010 WL 3906786, at *5 (D.N.J. Sept. 30, 2010) (denying summary judgment to liquor store, reasoning that "[b]ecause plaintiffs have the right to oppose inaccessible handicap accommodations, defendants' ban against plaintiffs' presence on their premises due to their opposition may violate the ADA's anti-retaliation provision"). Were the FAC complete in other respects, the undersigned would allow this action to proceed on such a claim under the current statement of facts.

Lastly, it appears from plaintiff's separate filings and from the FAC's references to false statements that plaintiff may be attempting to pursue a state law claim for slander. Under California law, a defamation claim—which may be asserted as a claim for slander (oral) or libel (written)—includes the following elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." KM Strategic Mgmt., LLC v. Am. Cas. Co. of Reading PA, 156 F. Supp. 3d 1154, 1166-67 (C.D. Cal. 2015); see Cal. Civ. Code § 46 (statutory definition of slander). As currently pled, the FAC does not sufficiently identify a defamatory statement. Plaintiff alleges that Starbucks employees falsely stated that he "confronted the individuals as opposed to logging information." ECF No. 5 at 3. Even assuming the falsity of the employees' statement, the undersigned fails to see how such a statement could be interpreted as defamatory or disparaging. See Crowe v. Cty. of San Diego, 303 F. Supp. 2d 1050, 1104 (S.D. Cal. 2004) ("It is . . . for the court to determine whether a

statement is reasonably susceptible of a defamatory interpretation."). Thus, the FAC fails to state a cognizable claim for slander.

Rather than recommending dismissal of the action, the undersigned will provide plaintiff a final opportunity to amend the complaint to assert a legal cause or causes of action and facts supporting such claims.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the second amended complaint must show that this court has jurisdiction, that plaintiff is entitled to relief if his allegations are true, and the second amended complaint must contain a request for particular relief. The second amended complaint should contain separately numbered, clearly identified claims—for example, "I. ADA Title III Claim," "II. ADA Title V Claim"—clearly identified at the beginning of each claim.

Furthermore, all factual allegations must be contained in the body of the second amended complaint. While plaintiff may attach exhibits supporting his allegations, the court will not sift through the contents of miscellaneous filings to fill any gaps in plaintiff's statement of facts. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the second amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's second amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

The court cannot tell from your complaint what legal cause(s) of action you are trying to assert, and what relief you are seeking. Because the complaint as written does not clearly assert any legal claim, it will not be served on defendant. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit a second amended complaint. If you submit a second amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendant. If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

////

////

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 5) is DISMISSED with leave to amend; and

2. Plaintiff shall have 30 days from the date of this order to file a second amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 4, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE